NOT FOR PUBLICATION                                                                                          (Docket No. 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                                  :
NELSON MOYER AND CYNTHIA         :
MOYER,                                                       :
                                                                  :
                Plaintiffs,             :       Civil No. 06-4760 (RBK)
      v.                                             :
                                                                  :
SUNOCO LOGISTICS PARTNERS, L.P.;  :       **OPINION**
SUNOCO PARTNERS, LLC; and             :
SUNOCO, INC.,                                        :
                                                                  :
             Defendants/Third     :
             Party Plaintiffs,        :
      v.                                             :
                                                                  :
A.T. CHADWICK COMPANY, INC.,       :
                                                                  :
             Third Party Defendant:
_____:

**KUGLER**, United States District Judge:

      This case arises out of injuries suffered by Plaintiff Nelson Moyer ("Moyer") while he was working as a pipe-fitter for his employer, Third Party Defendant A.T. Chadwick Company, Inc. ("Chadwick"), at a facility owned by Defendant Sunoco Logistics Partners, L.P. ("Sunoco"). Moyer sued Sunoco for negligence in failing to design and maintain safe premises; Moyer's wife Cynthia claims loss of consortium. Sunoco filed a third-party complaint against Chadwick seeking indemnification for any liability Sunoco might have towards Moyer. Sunoco, in its capacity as third party plaintiff, now seeks summary judgment against Chadwick. For the reasons that follow, the Court requires Chadwick to indemnify Sunoco pending a jury determination on Sunoco's liability.

1

**I.     BACKGROUND**

Moyer was employed as a pipe-fitter with Chadwick. On August 24, 2004, he was working at Sunoco's Eagle Point facility, a petroleum-related industrial site at 1000 Crown Point Road in West Deptford, New Jersey. Moyer was repairing a water valve handle extension at the valve pit on Dock 2. According to the accident reports, Moyer was standing on a four-section steel plate that covered the valve pit when the cover gave way. (Sunoco Ex. F.) There was noting to support Moyer, and he fell into the pit. Moyer broke his right foot, requiring surgery and internal fixation of the foot with screw and plates. (Chadwick Ex. B.) He was out of work for eight months and then went to work for another company at a desk job because Chadwick has no light-duty jobs. (Chadwick Ex. B.)

On August 17, 2006, Moyer filed his complaint against Sunoco in the Superior Court of New Jersey, Gloucester County, and Sunoco removed the action to this Court on October 4, 2006. Sunoco then sought indemnification from Chadwick through letters sent to Chadwick and to Chadwick's insurance company. (Sunoco Exs. G, H.) Because Moyer's complaint alleged that Sunoco's sole negligence caused the accident, Chadwick denied Sunoco's request for indemnification. (Sunoco Ex. I.) Sunoco filed a third-party complaint seeking indemnification from Chadwick on May 30, 2007 and filed the present motion for summary judgment against Chadwick on December 3, 2007.

**II.    STANDARDS OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). A genuine issue

of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence presented by the parties, the Court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III.   DISCUSSION

Moyer did not sue Chadwick directly; he cannot, because as Moyer's employer Chadwick is immune from suit by virtue of the exclusive remedies provided in the New Jersey Workers' Compensation Act. However, "[n]othing in the Act precludes an employer from assuming a contractual duty to indemnify a third party through an express agreement." Ramos v. Browning

Ferris Indus. of S. Jersey, Inc., 510 A.2d 1152, 1159 (N.J. 1986).  Sunoco argues that the contract governing its relationship with Chadwick requires Chadwick to indemnify Sunoco in these proceedings.  Chadwick argues that because Moyer's complaint is based on allegations of Sunoco's sole negligence and a reasonable jury could accept these allegations, no indemnification is due.

An indemnification clause is to be construed against the indemnitee.  Ramos, 510 A.2d at 1159.  New Jersey law holds that "a contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms."  Id.  Additionally, a contract "purporting to indemnify or hold harmless the [indemnitee] against liability for damages arising out of bodily injury to persons. . . caused by or resulting from the sole neglience of the [indemnitee] is void and unenforceable."  N.J.S.A. § 2A:40A-1.  Therefore, regardless of how the contract reads, an action seeking indemnification is barred if the indemnitee is solely negligent.  Mautz v. J.P. Patti Co., 688 A.2d 1088, 1092 (N.J. Super. Ct. App. Div. 1997).

The contract between Sunoco, as owner of the facility, and Chadwick, as contractor, includes an indemnification clause at Paragraph 13 of the General Terms and Conditions. (Sunoco Compl. Ex. A.)  The clause provides: "contractor agrees to defend, hold harmless and indemnify owners. . . from and against any and all claims. . . arising out of, or related to the work or the actual or alleged acts or omissions of contractor, that of its suppliers, subcontractors, agents, servants or employees, as well as any joint negligence or fault of the indemnitees, whether or not such actions or omissions occurred jointly or concurrently. . . ."  The contract further provides that the indemnification provision does not apply "to any claim. . . established to

4

be the result of the sole negligence of an indemnitee." If the accident resulted from Sunoco's sole negligence, Chadwick has no duty to provide indemnification. If the accident resulted from the joint negligence of Sunoco and Chadwick, or Sunoco and Moyer, then Chadwick is required to provide Sunoco with indemnification.

The parties do not dispute whether this intent is expressed in unequivocal terms, and the Court assumes that it does. The contract requires indemnification except where the harm is "established to be the result of the sole negligence" of Sunoco. The issue revolves around the term "established" and whether the question of Sunoco's alleged sole negligence requires a jury determination or whether Chadwick waived the issue by indicating its belief that Moyer bears some responsibility.

Sunoco contends that Chadwick has conceded through its answers and responses to interrogatories that Sunoco was not the sole cause of the accident. Chadwick included affirmative defenses in its answer, including asserting that "the Plaintiff(s)' injuries and damages, if any, were the result of the negligence of the plaintiff(s) which was greater than that of the answering defendant(s), if any. Therefore, the answering defendant(s) is not liable." (Chadwick Ans. ¶ 8.)

Later, Chadwick responded to interrogatories propounded by Sunoco. In response to a question asking for a description of the accident, Chadwick indicated that "If the accident occurred as alleged by the plaintiff same was due to the negligence, recklessness, and carelessness of the plaintiff who was aware of the condition of the property, who failed to take proper precautions for the condition of the property, who failed to make proper observations and who failed to watch where he was walking." (Sunoco Ex. B.)

5

Sunoco cites Vitty v. D.C.P Corp., 633 A.2d 1040 (N.J. Super. Ct. App. Div. 1993) for the principle that a party cannot "simultaneously argue that an individual or entity is a joint tortfeasor with respect to a certain event (for litigation purposes) and the 'sole cause' of the accident (for indemnity purposes)." (Sunoco Br. at 14.) Sunoco misreads that case. The Court in Vitty was not confronted with an indemnitor's alleged concession that the harm was not caused by indemnitee's sole negligence. In that case, which included a contract similarly requiring indemnification except where the indemnitee's sole negligence had caused the harm, a jury had previously determined that an individual not party to the contract was entirely responsible for the harm. The Vitty court held that though as between the indemnitor and the indemnitee the indemnitee was solely responsible, as a matter of law the indemnitee's negligence was not the sole of cause the harm because a jury had already decided that a third party was in fact the cause. Vitty, 633 A.2d at 1044-45.

If Moyer's actions contributed to his harm, then the harm was not caused by Sunoco's sole negligence and Chadwick's duty to indemnify Sunoco applies. Leitao v. Damon G. Douglas Co., 693 A.2d 1209, 1213-14 (N.J. Super. App. Div. 1997). However, Moyer cannot be found to be liable based on Chadwick's admissions, as Chadwick does not speak for Moyer. Though the Court could conclude that Chadwick believes that Moyer was at least partly responsible, the Court cannot at this time conclude that Moyer was in fact partly responsible. A jury could certainly accept Moyer's argument that Sunoco's negligence in designing and maintaining the valve covering caused his accident and could find Sunoco solely liable.

The question for the Court, then, is whether indemnification and transfer of defense costs should occur in the interim, before the jury has a chance to make that determination. The Court

concludes that Chadwick must indemnify Sunoco now, subject to a jury's finding later. The clause requires indemnification unless the sole negligence of Sunoco is "established." Moyer's allegations that Sunoco is responsible cannot establish that Sunoco is the only party responsible. If the jury's finding later establishes that Sunoco was solely responsible, then the indemnification costs assumed by Chadwick's insurer must be reimbursed. See Englert v. The Home Depot, 911 A.2d 72, 75 (N.J. Super. Ct. App. Div. 2006) (noting that a lower court had ordered indemnification "unless a jury later found [the general contractor] solely negligent for plaintiff's injuries").

### IV.     CONCLUSION

As detailed above, it has not yet been established who bears responsibility for Moyer's accident. Until that occurs, Chadwick must indemnify Sunoco. An accompanying order will issue today.


Date:  8-18-08                                                                  /s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge